IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID ARMENDARIZ MEDINA, #446943,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-3168-N (BK) |
| § | | |
| **RICK THALER, Director TDCJ-CID,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

On November 8, 2011, in his closed habeas corpus case, Petitioner filed *Motion for Appointment of Counsel and Request to Place Petitioner on Supervised Release or in the Alternative Permission to File Writ of Habeas Corpus Pursuant to § 2241 (Cancellation of Removal)* and *Application to Proceed In Forma Pauperis*. *See Medina v. Thaler*, No. 3:08-CV-1563-P (N.D. Tex. 2011) (habeas corpus petition under 28 U.S.C. § 2254 dismissed with prejudice as barred by the one-year statute of limitations), *appeal pending*, No. 11-10419. The Court, in turn, opened this new habeas corpus action under 28 U.S.C. § 2241 and, on November 22 and December 7, 2011, issued notices of deficiency ordering Petitioner to submit his petition on the court-approved form. (Doc. 6, 8.) However, both orders were returned to the Court as undeliverable, because Petitioner was no longer confined at the Houston Detention Center. As of

the filing of this recommendation, Petitioner has failed to apprise the Court of his new address. The Court is not required to delay disposition in this case until such time as Petitioner provides his current address.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to comply with the Court's notice of deficiency and order. He has impliedly refused or declined to do so, and has failed to keep the Court apprised of his change of address. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED January 17, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE